LEWIS KOHN & WALKER, LLP
KENT M. WALKER (173700)
kwalker@lewiskohn.com
15030 Avenue of Science, Suite 201
San Diego, CA 92128
Phone: (858) 436-1333
Fax:   (858) 436-1349

Attorneys for Plaintiff
LITECUBES, LLC

# IN THE UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LITECUBES, LLC, a California limited liability company,<br><br>                    Plaintiff,<br><br>vs.<br><br>BEWILD INC., a Delaware corporation,<br><br>                    Defendant. | CASE NO. **'15CV2731 BAS BLM**<br><br>**COMPLAINT FOR COPYRIGHT INFRINGEMENT (17 USC 501); TRADEMARK INFRINGEMENT (15 USC 1114); VIOLATION OF 15 USC 1125a; UNFAIR COMPETITION UNDER CALIFORNIA LAW (CA BPC 17200 et seq.); AND UNJUST ENRICHMENT.**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff, appearing through undersigned counsel, states as follows:

## PARTIES

1.     Plaintiff LITECUBES, LLC, is a California limited liability company (hereinafter, Plaintiff or "Litecubes"), duly organized and existing under the laws of the State of California, with its principal place of business in San Diego, California.

2.     Defendant BEWILD INC. is a Delaware corporation (hereinafter, Defendant or "Bewild") with its principal place of business at 110 Bi County Blvd, Suite 103, Farmingdale, New York 11735.  Upon information and belief, Defendant Bewild operates an e-commerce website, www.bewild.com.

## NATURE OF THIS ACTION; JURISDICTION OF THE COURT

3.     This is an action for copyright infringement in violation of the Copyright Act of 1976 (17 U.S.C. §§ 101 *et seq.*), trademark infringement and violation of the Trademark Act of 1946, as amended, 15 U.S.C. §§ 1051 *et seq.* ("Lanham Act"), unfair competition under the statutory law of California, and unjust enrichment.

4.     Defendant is subject to personal jurisdiction in this Judicial District, because it does extensive business in this District, and it committed acts of copyright and trademark infringement within this District.

5.     This Court has jurisdiction over the subject matter of this action under the United States Constitution, 17 U.S.C. § 501,  15 U.S.C. § 1121, 28 U.S.C. §§ 1331 and 1338 (a ), 17 U.S.C. 1203(a) , and has supplemental jurisdiction under 28 U.S.C. § 1367(a) over Plaintiff's claims under state law.

6.     Venue in this District is proper pursuant to 28 U.S.C. § 1391(b) and (c) and 1400(a).

## LITECUBES AND ITS COPYRIGHT

7.     Litecubes sells an illuminatable beverage accessory that consists of a sculpture in the form of a melting ice cube.

8.      Litecubes is the owner of the copyright in, and has obtained a Certificate of Copyright Registration, VA 1-117-699, for a sculpture entitled "Litecubes Novelty Item." Attached hereto as **Exhibit "A"** is a true and correct copy of said Registration, which also includes the deposit for that Registration, comprising several images of the copyrighted sculpture ("the Works").   **Exhibit "A"** is incorporated herein by this reference.

9.     Litecubes has complied with all statutory formalities required by the Copyright Act to maintain the validity of the copyright in the sculpture covered by registration of **Exhibit "A"**.

10.     Litecubes has been, and still is, the sole proprietor of all rights, title, and interest in and to the copyright registration of **Exhibit "A"**.

11.     Litecubes has always maintained the exclusive right under the Copyright Act to reproduce, distribute, and modify and to authorize the reproduction, distribution, and modification of the sculpture covered by the registration of **Exhibit "A"**.

## LITECUBES' TRADEMARKS

12.     Litecubes commenced use of the mark design mark simulating an ice cube ("Design" mark) in commerce since at least January 12, 2001.

13.     The Design mark, including without limitation, those registered with the United States Patent and Trademark Office ("USPTO") as identified herein, is referred to herein as Plaintiff's Mark (or the "Mark"). The Mark is owned exclusively by Litecubes.

14.     On November 6, 2002, Litecubes filed an application with the USPTO for registration of the Design mark.  The application was granted Registration No. 2,959,333 on June 7, 2005 in International Class 21.  A true and correct copy of this registration is attached hereto as **Exhibit "B"** and is incorporated herein by this reference. This registration is valid and subsisting.

15.     Plaintiff's Mark is inherently distinctive.  The Mark serves to identify and indicate the source of Litecubes' goods and services to the consuming public, and to distinguish its goods and services from those of others, including those advertised and sold by Defendant, and not authorized by Plaintiff.  Over the years, Litecubes has prominently used and promoted the Mark in advertising, promotion, and various other ways.  Litecubes' sales and advertising expenditures under the Mark have been extensive.  Litecubes has invested considerable effort and resources in advertising and promoting its products using the Mark. Litecubes advertises on the Internet, in catalogs and other publications, at trade shows and other venues and media.

16.     As a result of Litecubes' long usage and extensive promotion of the Mark, the Mark is distinctive to designate Litecubes, and it distinguishes Litecubes and its goods and

services from others, including those advertised and sold by Defendant, and not authorized by Plaintiff. The Mark is well-known and widely recognized to consumers, and Litecubes has developed exclusive and valuable goodwill and strong federal and common law rights in the Mark as a result of the usage and promotion of the Mark.

17. Pursuant to the Lanham Act, Litecubes' registrations identified above constitute prima facie evidence of: (a) validity of the Design mark and of the registration of that mark; (b) Litecubes' ownership of the Design mark; and (c) Litecubes' exclusive right to use the Design mark on or in connection with the goods and services stated in the registrations. 15 U.S.C. §§ 1057(b) and 1115(a). In addition, Litecubes' registration constitutes constructive notice of Litecubes' claim of ownership of the Design mark. See 15 U.S.C. § 1072.

## **DEFENDANT'S ACTIVITIES RELATING TO PLAINTIFF'S COPYRIGHTS**

18. Upon information and belief, Bewild is the owner of and operates multiple e-commerce websites, including www.bewild.com. On information and belief, Litecubes alleges that Defendant copied the Works and is selling those copies on its e-commerce websites ("Infringing Works"). Attached as **Exhibit "C"** are true and correct copies of excerpts from www.bewild.com depicting some illustrative examples of Infringing Works which are virtually identical to Plaintiff's Works. **Exhibit "C"** is incorporated herein by this reference.

19. Further illustrative examples of Defendant's use of the Infringing Works is attached to the complaint as **Exhibit "D".**

20. Defendant is a former customer of Litecubes, having ordered Litecubes' Works in the past, accordingly, Defendant is aware of Litecubes copyright in the Works.

21. Defendant's copying and sale of the same or substantially similar Infringing Works to the Works is without the permission, license or authority of Litecubes, and as such violates Litecubes' rights in the Works.

22.     Defendant infringed the Works with full knowledge of Litecubes' ownership, use and/or rights of and to the Works. Litecubes is informed and believes and based thereon that Defendant undertook these actions with the intent of harming Litecubes through its sale of the Works without compensating Litecubes for the great labor and expense put into the creation of the Works.

## DEFENDANT'S ACTIVITIES RELATING TO PLAINTIFF'S TRADEMARKS

23.     Defendant has used and continues to use images that are identical or substantially similar to Litecubes' Design mark ("the Infringing Mark") in commerce in connection with Defendant's advertising and sale of the Infringing Works on at least www.bewild.com.

24.     Illustrative examples of Defendant's use of the Infringing Mark is attached to the complaint as **Exhibit "D".**

25.     Defendant's use of the Infringing Mark in connection with the Infringing Works is without the permission, license or authority of Plaintiff, and such use violates Plaintiff's federal and common law rights in the Mark.

26.     Defendant began its infringement of the Mark with full knowledge of Litecubes' prior registration and/or use of Litecubes' Marks. Litecubes is informed and believes and based thereon alleges that Defendant undertook these actions with the intent of confusing consumers, so that it could trade on and receive the benefit of the goodwill built up by Litecubes at great labor and expense over many years.

## EFFECT OF DEFENDANT'S ACTIVITIES ON CONSUMERS AND/OR LITECUBES

27.     Defendant's infringement of the Works and use of the Infringing Mark in the manner described above has caused substantial economic damages to Litecubes, disrupted and threatens to disrupt Litecubes' contracts, relationships and prospects and has irreparably harmed Litecubes.

28. Defendant's infringement of the Works and use of the Infringing Marks in the manner described above is likely to confuse and has actually confused customers and potential customers of the parties as to whether some affiliation, connection or association exists between Defendant and Litecubes based on the Infringing Works and Infringing Mark, or as to the origin, sponsorship, or approval of the parties' goods and/or services.

29. Defendant's infringement of the Works and use of the Infringing Mark in the manner described above falsely indicates to the purchasing public that the Infringing Works of Defendant originate with Litecubes, or are affiliated, connected or associated with Litecubes, or are sponsored, endorsed, or approved by Litecubes, or are in some manner related to Litecubes.

30. Defendant's infringement of the Works and use of the Infringing Mark in the manner described above falsely designates the origin of the goods and/or services of Defendant, and falsely and misleadingly describes and represents material facts with respect to the goods, websites and/or commercial activities of Defendant.

31. Defendant's infringement of the Works and use of the Infringing Mark in the manner described above enables Defendant to trade on and receive the benefit of goodwill in Plaintiff's Works and the Mark, which Litecubes has built up at great labor and expense over many years.

32. Defendant's infringement of the Works and use of the Infringing Mark in the manner described above unjustly enriches Defendant at Litecubes' expense.

33. Defendant's infringement of the Works and use of the Infringing Mark in the manner described above prevents Litecubes from controlling the nature and quality of goods and/or services provided under Plaintiff's Works and the Mark and places the valuable reputation and goodwill of Litecubes in Defendant's hands, over which Litecubes has no control.

34.     The activities of Defendant have caused irreparable injury to Litecubes and to the public, and unless restrained by this Court, will continue to cause irreparable injury to Litecubes and to the public.  There is no adequate remedy at law for this injury.

## COUNT I: FEDERAL COPYRIGHT INFRINGEMENT

35.     Plaintiff repeats the allegations from paragraphs 1-34 above as if fully set forth herein.

36.     Plaintiff's Litecubes Novelty Item for U.S. Certificate of Copyright Registration, VA 1-117-699, constitutes original work and copyrightable subject matter under the Copyright Act of 1976, 17 U.S.C. 102.

37.     Plaintiff is the owner of the copyrightable subject matter of the Litecubes Novelty Item for U.S. Certificate of Copyright Registration, VA 1-117-699.

38.     On information and belief, Defendant has copied, had copied, distributed, had distributed, sold, had sold, made a derivative, and/or had a derivative made of the work protected by Plaintiff's Litecubes Novelty Item for U.S. Certificate of Copyright Registration, VA 1-117-699 without authorization, permission, or license.

39.     Defendant's unauthorized reproduction, unauthorized distribution, unauthorized sale, and unauthorized preparation of derivatives of the Litecubes Novelty Item for U.S. Certificate of Copyright Registration, VA 1-117-699 violates Plaintiff's rights under 17 U.S.C. 106 as the owner of the copyright therein.

40.     As a result of the actions alleged above, Defendant has infringed and will continue to infringe Plaintiff's Litecubes Novelty Item for U.S. Certificate of Copyright Registration, VA 1-117-699.

41.     As a result of the actions alleged above, Plaintiff is entitled to an injunction, pursuant to 17 U.S.C. 502, restraining Defendant, its parent, subsidiaries, officers, agents, employees, assigns, and all other persons acting in concert with them from engaging in any further acts of infringement in violation of the copyright laws.

42.     Pursuant to 17 U.S.C. 504(a), Plaintiff is further entitled to recover from Defendant either actual damages that Plaintiff has sustained and will sustain, as well as, any gains, profits and advantages acquired by Defendant as a result of its acts of copyright infringement, as set forth in 17 U.S.C. 504(b), or statutory damages as provided by 17 U.S.C. 504(c)(1).

43.     Based on information and belief, Defendant's infringements are willful, and as a result of the willfulness of Defendant, Plaintiff is entitled pursuant to 17 U.S.C. 504(c)(2) to recover enhanced damages of up to $150,000 per infringement, if Plaintiff elects to seek statutory damages at the time of trial.

44.     Pursuant to 17 U.S.C. 505, Plaintiff may recover its full costs and reasonable attorney's fees as a result of the infringement by Defendant.

## COUNT II: FEDERAL TRADEMARK INFRINGEMENT 15 USC 1114
### *The 3D Design Mark*

45.     Plaintiff repeats the allegations from paragraphs 1-44 above as if fully set forth herein.

46.     The acts of Defendant complained of herein constitute infringement of federally registered trademark Design Mark (as identified above) in violation of 15 U.S.C. § 1114(1).

47.     The acts of Defendant described herein have been willful and in bad faith, making this an exceptional case within the meaning of 15 U.S.C. § 1117(a).

48.     Plaintiff has been damaged by the acts of Defendant in an amount currently unknown.

## COUNT II: VIOLATION OF 15 USC 1125a
### *The 3D Design Mark*

49.     Plaintiff repeats the allegations from paragraphs 1-48 above as if fully set forth herein.

50.     The acts of Defendant complained of herein constitute unfair competition and false advertising in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

51.     Plaintiff has been damaged by the acts of Defendant in an amount currently unknown.

### COUNT III: UNFAIR COMPETITION UNDER STATE LAW

52.     Plaintiff repeats the allegations from paragraphs 1-51 above as if fully set forth herein.

53.     The acts of Defendant complained of herein constitute unfair competition in violation of California Business & Professions Code § 17200 et seq.

54.     Plaintiff has been damaged by the acts of Defendant in an amount currently unknown.

### COUNTI V: UNJUST ENRICHMENT

55.     Plaintiff repeats the allegations from paragraphs 1-54 above as if fully set forth herein.

56.     The acts of Defendant complained of herein constitute unjust enrichment of Defendant at the expense of Plaintiff.

57.     Plaintiff has been damaged by the acts of Defendant in an amount currently unknown.

### PRAYER FOR RELIEF

WHEREFORE, Litecubes prays for entry of judgment against Defendant as follows:

1.      Defendant, its parents, subsidiaries, directors, officers, members, managers, agents, servants, employees, attorneys, and all those persons in active concert or participation with them be preliminarily and permanently enjoined and restrained from doing or authorizing directly or indirectly, any of the following activities:

        a. designing, manufacturing, duplicating, importing, shipping, delivering, distributing, selling, renting, exchanging, trading, lending, marketing, advertising, displaying,

or promoting any unauthorized products that are copies of or substantially similar to Litecubes' copyrighted Works;

b. infringing Plaintiff's Litecubes Novelty Item for U.S. Certificate of Copyright Registration, VA 1-117-699 including an order for permanent injunction pursuant to 17 U.S.C. 502;

c. committing any acts or making any statements calculated, or the reasonably foreseeable consequence of which would be, to infringe Plaintiff's Works;

d. in any manner infringing or contributing or participating in the infringement by others in Litecubes' copyrighted Works, and from acting in concert with, aiding or abetting others to infringe Litecubes' copyright in any way;

e. From using the Infringing Mark, or Plaintiff's Mark (or any variation thereof, whether alone or in combination with any other word(s) or element(s)), or any mark, name, domain name, or other designation which depicts, contains, or consists of any name or mark confusingly similar to the Mark;

f. From advertising, displaying, selling, or otherwise distributing (whether in physical or electronic form), any and all advertisements, marketing or promotional materials, product packaging, signage, banners, invoices, pamphlets, leaflets, flyers and the like, as well as any goods (products, samples and the like) containing the Infringing Mark, or Plaintiff's Mark (or any variation thereof, whether alone or in combination with any other word(s) or element(s)), or any mark, name, domain name, or other designation which depicts, contains, or consists of any name or mark confusingly similar to the Mark;

g. From registering, attempting to register, or maintaining any trademark registration, trademark, trade name, domain name, trade designation, or other indicia of origin or source containing the Infringing Mark, or Plaintiff's Mark (or any variation thereof, whether alone or in combination with any other word(s) or element(s)), or any mark, name, domain name, or other designation which depicts, contains, or consists of any name or mark confusingly similar to the Mark;

h. From committing any acts or making any statements calculated, or the reasonably foreseeable consequence of which would be, to infringe Plaintiff's Mark;

i. From committing any acts or making any statements calculated, or reasonably foreseeable consequence of which would be, to infringe any of Litecubes' trademark rights in its Marks, or to confuse, mislead, or deceive consumers as to sponsorship, approval or affiliation of Litecubes by, with, or of Defendant;

j. offering to do any of the acts enjoined in subparagraph (a) through (i) above;

k. conspiring with, aiding, assisting or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraphs (a) through (j) above.

2. Consistent with paragraph (1) above, Defendant be ordered to remove from sale or display, and recall, any and all products, catalogs, advertisements, and any other items or goods bearing the Infringing Mark, or Plaintiff's Mark, or images of the Infringing Works, or any word or words confusingly similar thereto; and consistent with 17 USC 503 Defendant also be ordered to remove from sale all infringing copies of Litecubes' copyrighted works or any product or products confusingly similar thereto, and all marketing, advertising, or promotional materials depicting the same.

3. Defendant also be ordered to submit to the Court and serve upon Plaintiff within thirty (30) days after entry and service of an injunction, a written report detailing: gross sales of any goods or services in connection with the Infringing Mark, Plaintiff's Mark, any word or words confusingly similar thereto; and gross sales of infringing copies of Litecubes' copyrighted Works or any product or products confusingly similar thereto.

4. Defendant be required to deliver to the Court for destruction, or show proof of destruction of, any and all products, labels, signs, prints, advertisements, signage, packages, wrappers, catalogs, Internet web pages, and any other materials in its possession or control bearing the Infringing Mark, or Plaintiff's Mark, or any other mark, name, or designation that

includes the Mark (or any variation thereof, whether alone or in combination with any other word(s) or element(s)).

5. Defendant be required to deliver upon oath, to be impounded, all infringing copies of Litecubes' copyrighted works or any product or products confusingly similar thereto, any masters used to create such infringing works and all marketing, advertising, or promotional materials depicting the same; and that an order of impoundment and/or seizure in respect of the foregoing be issued out of this Court in the manner provided by the Copyright Act and by the United States Supreme Court Copyright Practice Rules (1909); and that at the conclusion of this action, the Court shall order all such materials so held to be surrendered to Litecubes or to be destroyed under a Writ of Destruction issued under 17 U.S.C. § 503, whichever shall seem to this Court to be most just and proper.

6. Defendant be ordered to file with this Court and to serve upon Plaintiff within thirty (30) days after the entry and service on Defendant of an injunction, a report in writing and under oath setting forth in detail the manner and form in which Defendant have complied with the injunction.

7. Plaintiff recovers all damages it has sustained as a result of the activities of Defendant.

8. An award to Plaintiff of statutory damages pursuant to 17 U.S.C. 504(a)(2) and 504(c)(1).

9. A determination that Defendant have willfully infringed and that Plaintiff is entitled to an increased aware of damages pursuant to 17 U.S.C. 504(c)(2).

10. Alternatively, Plaintiff may seek an award pursuant to 17 U.S.C. 504(a)(1) and 504(b) of all damages suffered by Plaintiff as a result of the infringement and of any profits of the Defendant attributable to the infringement that are not taken into account in computing actual damages, in an amount to be determined at trial.

11. An award to Plaintiff of its reasonable attorney's fees and costs pursuant to 17 U.S.C. 505.

12.    Pursuant to 15 U.S.C. § 1117, Litecubes be awarded treble damages and attorneys' fees for willful infringement and exceptional circumstances.

13.    An accounting be directed to determine the profits of Defendant resulting from activities complained of herein, and that such profits be paid over to Plaintiff, increased as the Court finds to be just under the circumstances of this case.

14.    Defendant be required to account for and pay over to Plaintiff any benefit and unjust enrichment obtained at Plaintiff's expense from its wrongful actions.

15.    Plaintiff be awarded its costs and fees related to this action, including but not limited to reasonable attorneys' fees.

16.    Plaintiff be awarded prejudgment and post-judgment interest.

17.    Plaintiff be granted such other and further relief, at law or in equity, as the Court may deem just and proper.

                                        Respectfully Submitted,

Dated:    December 4, 2015            LEWIS KOHN WALKER LLP
                                     By:

                                     _/s Kent M. Walker_____
                                     KENT M. WALKER
                                     kwalker@lewiskohn.com
                                     Attorneys for Plaintiff LITECUBES, LLC

## DEMAND FOR JURY TRIAL

Plaintiff Litecubes hereby demands trial by jury.

Dated: _____ December 4, 2015 _____ LEWIS KOHN WALKER LLP
By:

_/s Kent M. Walker_
KENT M. WALKER
kwalker@lewiskohn.com
Attorneys for Plaintiff LITECUBES, LLC

# Exhibit A

# CERTIFICATE OF REGISTRATION



This Certificate issued under the seal of the Copyright Office in accordance with title 17, United States Code, attests that registration has been made for the work identified below.The information on this certificate has been made a part of the Copyright Office records.



Marybeth Peters

REGISTER OF COPYRIGHTS
United States of America

OFFICIAL SEAL

# FORM VA
For a Work of the Visual Arts
UNITED STATES COPYRIGHT OFFICE
RE

**VA 1-117-699**

*VA00001117699*

EFFECTIVE DATE OF REGISTRATION

Feb. 27 2002

Month     Day     Year



**DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.**

## 1

**TITLE OF THIS WORK ▼**

Litecubes Novelty Item

**NATURE OF THIS WORK ▼** See instructions

Sculpture

**PREVIOUS OR ALTERNATIVE TITLES ▼**

**Publication as a Contribution** If this work was published as a contribution to a periodical, serial, or collection, give information about the collective work in which the contribution appeared.   **Title of Collective Work ▼**

If published in a periodical or serial give:   **Volume ▼**     **Number ▼**     **Issue Date ▼**     **On Pages ▼**

## 2

**NAME OF AUTHOR ▼**   *Litecubes, LLC, employer for hire

Carl VanderSchuit

**DATES OF BIRTH AND DEATH**
Year Born ▼    Year Died ▼

* 1957

Was this contribution to the work a "work made for hire"?
☑ Yes
☐ No

**Author's Nationality or Domicile**
Name of Country
OR Citizen of ▶ USA
Domiciled in ▶

**Was This Author's Contribution to the Work**
Anonymous? ☐ Yes ☑ No
Pseudonymous? ☐ Yes ☑ No
If the answer to either of these questions is "Yes," see detailed instructions.

**NATURE OF AUTHORSHIP** Check appropriate box(es). **See instructions**
☑ 3-Dimensional sculpture    ☐ Map    ☐ Technical drawing
☐ 2-Dimensional artwork    ☐ Photograph    ☐ Text
☐ Reproduction of work of art    ☐ Jewelry design    ☐ Architectural work

**NOTE**

Under the law, the "author" of a "work made for hire" is generally the employer, not the employee (see instructions). For any part of this work that was "made for hire" check "Yes" in the space provided, give the employer (or other person for whom the work was prepared) as "Author" of that part, and leave the space for dates of birth and death blank.

**NAME OF AUTHOR ▼**

**DATES OF BIRTH AND DEATH**
Year Born ▼    Year Died ▼

Was this contribution to the work a "work made for hire"?
☐ Yes
☐ No

**Author's Nationality or Domicile**
Name of Country
OR Citizen of ▶
Domiciled in ▶

**Was This Author's Contribution to the Work**
Anonymous? ☐ Yes ☐ No
Pseudonymous? ☐ Yes ☐ No
If the answer to either of these questions is "Yes," see detailed instructions.

**NATURE OF AUTHORSHIP** Check appropriate box(es). **See instructions**
☐ 3-Dimensional sculpture    ☐ Map    ☐ Technical drawing
☐ 2-Dimensional artwork    ☐ Photograph    ☐ Text
☐ Reproduction of work of art    ☐ Jewelry design    ☐ Architectural work

## 3

**Year in Which Creation of This Work Was Completed**
1999
◀ Year in all cases.
This information must be given

**Date and Nation of First Publication of This Particular Work**
Complete this information ONLY if this work has been published.
Month ▶ * Feb.   Day ▶ *12   Year ▶ *2001
*USA
◀ Nation

## 4

**COPYRIGHT CLAIMANT(S)** Name and address must be given even if the claimant is the same as the author given in space 2. ▼

Litecubes LLC
751 Turquoise St San Diego CA 92109

**Transfer** If the claimant(s) named here in space 4 is (are) different from the author(s) named in space 2, give a brief statement of how the claimant(s) obtained ownership of the copyright. ▼

See instructions before completing this space.

**APPLICATION RECEIVED**
FEB 27, 2002
**ONE DEPOSIT RECEIVED**

**TWO DEPOSITS RECEIVED**

FEB 27, 2002
**FUNDS RECEIVED**

DO NOT WRITE HERE OFFICE USE ONLY

**MORE ON BACK ▶**   • Complete all applicable spaces (numbers 5-9) on the reverse side of this page.
   • See detailed instructions.    • Sign the form at line 8.

**DO NOT WRITE HERE**
Page 1 of 2 pages

*Amended by C.O. Authority phone conversation
with David Warren VanderSchuit,
authorized agent of Litecubes, LLC, 3/4/02.

EXAMINED BY

CHECKED BY

☑ CORRESPONDENCE
Yes

FORM VA

FOR
COPYRIGHT
OFFICE
USE
ONLY

DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.

**PREVIOUS REGISTRATION** Has registration for this work, or for an earlier version of this work, already been made in the Copyright Office?

☐ Yes ☑ No If your answer is "Yes," why is another registration being sought? (Check appropriate box.) ▼

a. ☐ This is the first published edition of a work previously registered in unpublished form.

b. ☐ This is the first application submitted by this author as copyright claimant.

c. ☐ This is a changed version of the work, as shown by space 6 on this application.

If your answer is "Yes," give: **Previous Registration Number** ▼     **Year of Registration** ▼

**DERIVATIVE WORK OR COMPILATION** Complete both space 6a and 6b for a derivative work; complete only 6b for a compilation.

a. **Preexisting Material** Identify any preexisting work or works that this work is based on or incorporates. ▼

b. **Material Added to This Work** Give a brief, general statement of the material that has been added to this work and in which copyright is claimed. ▼

See instructions
before completing
this space.

**DEPOSIT ACCOUNT** If the registration fee is to be charged to a Deposit Account established in the Copyright Office, give name and number of Account.
**Name** ▼     **Account Number** ▼

**CORRESPONDENCE** Give name and address to which correspondence about this application should be sent. Name/Address/Apt/City/State/ZIP ▼

Litecubes LLC/751 Turquoise St/San Diego/CA/92109

Area code and daytime telephone number ▶ ( 858 ) 539-3912     Fax number ▶ ( 858 ) 539-2081

Email ▶

**CERTIFICATION*** I, the undersigned, hereby certify that I am the

check only one ▶
☐ author
☐ other copyright claimant
☐ owner of exclusive right(s)
☑ authorized agent of __Litecubes LLC__
Name of author or other copyright claimant, or owner of exclusive right(s) ▲

of the work identified in this application and that the statements made by me in this application are correct to the best of my knowledge.

**Typed or printed name and date** ▼ If this application gives a date of publication in space 3, do not sign and submit it before that date.

Carl VanderSchuit        Date ▶ 15 Feb 02

Handwritten signature (X) ▼

☞ X

Certificate
will be
mailed in
window
envelope
to this
address:

Name ▼
Litecubes LLC

Number/Street/Apt ▼
751 Turquoise St

City/State/ZIP ▼
San Diego CA 92109

• YOU MUST:
• Complete all necessary spaces
• Sign your application in space 8
• SEND ALL 3 ELEMENTS
IN THE SAME PACKAGE
1. Application form
2. Nonrefundable filing fee in check or money
order payable to Register of Copyrights
3. Deposit material
MAIL TO:
Library of Congress
Copyright Office
101 Independence Avenue, S.E.
Washington, D.C. 20559-6000

As of July 1, 1999,
the filing fee for
Form VA is $30.

*17 U.S.C. § 506(e): Any person who knowingly makes a false representation of a material fact in the application for copyright registration provided for by section 409, or in any written statement filed in connection with the application, shall be fined not more than $2,500.
June 1999—100,000
WEB REV: June 1999     ♻ PRINTED ON RECYCLED PAPER     ☆U.S. GOVERNMENT PRINTING OFFICE: 1999-454-879/71









# Exhibit B

Int. Cl.: 21

Prior U.S. Cls.: 2, 13, 23, 29, 30, 33, 40 and 50

Reg. No. 2,959,333

## United States Patent and Trademark Office

Registered June 7, 2005

## TRADEMARK
### PRINCIPAL REGISTER



LITECUBES, LLC (CALIFORNIA LIMITED LIA-
BILITY JOINT STOCK COMPANY)
751 TURQUOISE ST.
SAN DIEGO, CA 921091034

FOR: DECORATIVE ACCESSORIES, NAMELY,
REFREEZABLE ICE SUBSTITUTE IN THE FORM
OF GLOWING SIMULATED ICE CUBES FOR USE
IN BEVERAGES , IN CLASS 21 (U.S. CLS. 2, 13, 23, 29,
30, 33, 40 AND 50).

FIRST USE 1-12-2001; IN COMMERCE 1-12-2001.

THE MARK CONSISTS OF A PRODUCT CON-
FIGURATION, NAMELY, A DESIGN INTENDED
TO SIMULATE AN ICE CUBE.

SEC. 2(F).

SER. NO. 78-182,349, FILED 11-6-2002.

JOHN DWYER, EXAMINING ATTORNEY

# Exhibit C









## Product Description

Accent your world with the glow of neon light. With the touch of a button Lite Cubes turn clear and opaque objects in to a colorful glowing masterpiece. Each cube is waterproof so they are fully submersible; great for drinks, cocktails, vases, fishtanks and party favors. Litecubes are made of non-toxic, FDA-approved plastic and contain a gel that allows it to be frozen to help keep beverages cold. Simply pressing the button on the Litecube once makes it strobe, press it twice and it strobes faster, and a third time and the cube will stay lit all the time. Because the Litecube is re-freezable the fun will commence time after time! each Litecubes battery lasts for dozens of hours. Unlike the single-use "glow sticks" that are popular these days at concerts and parties, the Litecube can be turned off and then reused time and again. The uses for Light cubes range from lighting drinks at tailgating parties to illuminating punch bowls at receptions or even providing a unique effect in tubs and pools. Additionally, Litecubes can simply be placed around a room to create a wacky or surprisingly romantic atmosphere. The Cubes come in red, orange, blue, green yellow orange and Amazing





# Exhibit D



BEWILD INCORPORATED
BEWILD INC
110 BI COUNTY BLVD
SUITE #103
NGDALE NY 11735

rn Service

MMS: 04113093015130817O   04

ZIP 92071

ON/OFF
FLASH ICE CUBE
GREEN COLOR LED
LIGHTING AVAILABLE
AMAZING, SPARKLING
LIGHT INSIDE
WATER PROOF

UPS
POSTAL CO
PACKAGE ID #
COST CENTER #: 593349

VATIONS

PARTYREUSABLEICECUBES

12.97.99

USPS TRACKING # eVS